UNITED STATSIES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |
|---|---|
| SIOBHAN CONNELLY,<br><br>                  Plaintiff,<br>      vs.<br><br>PUBLIX SUPER MARKETS, INC.,<br><br>                  Defendant. | Case No. |

## FAIR LABOR STANDARDS ACT COMPLAINT

Plaintiff Siobhan Connelly ("Plaintiff"), by her attorneys, Shavitz Law Group, P.A. and Morgan and Morgan, P.A., upon personal knowledge as to herself and upon information and belief as to other matters, alleges as follows:

## INTRODUCTION

1.    Plaintiff brings this lawsuit for (i) unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under to the /s/ , *et seq*. ("FLSA"), and (ii) for unjust enrichment under Tennessee common law, as well as declaratory relief and all other relief this Court deems just and proper against Defendant Publix Super Markets, Inc. ("Defendant" or "Publix").

2.    As more fully described below, during the relevant time periods, Publix failed to pay Plaintiff, who was an hourly paid employee, for all hours it suffered/permitted her to work for Publix, including all overtime hours.

## THE PARTIES

### *Plaintiff*

3.      Plaintiff Siobhan Connelly is a citizen and resident of Nashville, Tennessee.

4.      Plaintiff worked for Publix as a non-exempt, hourly-paid Department Manager from approximately 2017 to August 27, 2021, at Publix stores in Mount Juliet Village, Tennessee (Store #1220), Hendersonville, Tennessee (Store #119), Lebanon, Tennessee (Store #1175), and Nashville, Tennessee (Store #1732).

5.      From November 28, 2020, through approximately August 27, 2021 ("FLSA Relevant Time Period"), Plaintiff was an "employee" of Publix within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

6.      On November 28, 2023, Plaintiff filed a consent to join form in the matter of *Roberts, et al. v. Publix Super Markets, Inc.* (Case No. 8:23-CV-02447-WFJ-CPT). [1]

### *Defendant*

7.      Publix Super Markets, Inc. is a Florida corporation with its principal place of business in Lakeland, Florida.

---

[1]      Plaintiff filed a Consent to Join form on November 28, 2023, in the putative collective action *Roberts, et al. v. Publix Super Markets, Inc.*, 8:23-cv-02447-WFJ-CPT (M.D. Fla.). By Order on January 15, 2025, Plaintiff's statute of limitations was tolled for 60 days until April 15, 2025, to provide the opportunity for Plaintiff to refile. *Id.*, Docs. 165 and 175. Thus, the three-year statute of limitations for Plaintiff's FLSA claims reach back to November 28, 2020.

8.    Publix operates supermarkets in Florida, Georgia, Alabama, South Carolina, Tennessee, North Carolina, and Virginia.

9.    During the FLSA Relevant Time Period, Publix was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10.    During the FLSA Relevant Time Period, Publix employed Plaintiff within the meaning of the FLSA.

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 201, *et. seq.*

12.    This Court has supplemental jurisdiction over Plaintiff's state law claims under Tennessee law which are based on the same common nucleus of operative facts as Plaintiff's federal claims.

13.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

14.    Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b)(1) because Plaintiff worked for Publix within this District and a substantial portion of the facts giving rise to this action occurred within this District.

15.    At all times material to this Complaint, the Publix was an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).

16.     Publix annual gross receipts for the three years preceding the filing of Plaintiff's consent form in *Roberts* and this lawsuit exceeded $500,000.00.

## FACTUAL ALLEGATIONS

17.     Plaintiff was employed by Publix as a Department Manager in its customer service department in its grocery stores in Mount Juliet Village, Tennessee, Hendersonville, Tennessee, Lebanon, Tennessee, and Nashville, Tennessee.

18.     During the FLSA Relevant Time Period, Publix classified Plaintiff as a non-exempt employee under the FLSA who must be paid overtime compensation for hours work over 40 in a workweek.

19.     During the FLSA Relevant Time Period, Publix paid Plaintiff an hourly rate of pay as a Department Manager.

20.     During the FLSA Relevant Time Period, Publix paid Plaintiff a bonus called a Retail Bonus.

21.     On information and belief, during the FLSA Relevant Time Period, Plaintiff was not paid all overtime compensation due to him, in part, because Publix did not properly include all Retail Bonus pay when calculating Plaintiff's regular rate of pay, thus, denying her overtime compensation.

22.     Publix's Retail Bonus is not discretionary and is paid pursuant to a Publix policy and formula.

23.     All of Publix's Retail Bonus should be included in the regular rate of pay when calculating overtime compensation for non-exempt employees.

24.     During the FLSA Relevant Time Period, Publix has used physical timeclocks located inside its grocery stores to record hourly paid employees' hours worked, including Plaintiff's hours worked.

25.     During the FLSA Relevant Time Period, Publix did not provide Plaintiff a method by which she could record hours worked outside her assigned Publix store.

26.     While working at Publix, Plaintiff was scheduled to work a specific number of hours each workweek.

27.     Publix intended for Plaintiff and other hourly paid employees to work a specific number of targeted hours each week so that it could stay within its targeted budgeted hours each week for her assigned store.

28.     During the FLSA Relevant Time Period as a Department Manager, Plaintiff was scheduled to work a target number of regular and overtime hours each workweek.

29.     During the FLSA Relevant Time Period as a Department Manager, if Plaintiff exceeded the overtime hours she was permitted or targeted to work during a workweek, her name would be flagged as an employee who was exceeding the targeted overtime hours on the schedule.

30.     It was not a positive work metric to be a Publix employee who exceeded the overtime hours scheduled or targeted for you at Publix.

31.     During the FLSA Relevant Time Period as a Department Manager, Plaintiff could not complete the work required by Publix during the number of hours allotted to her on the Publix schedule.

32.     During the FLSA Relevant Time Period as a Department Manager, if Plaintiff did not complete the work she was assigned to perform, she could be subjected to adverse employment actions.

33.     During the FLSA Relevant Time Period as a Department Manager, Plaintiff worked off-the-clock prior to clocking in at the start of her shift and after clocking out at the end of her shift while inside her assigned Publix stores, on required tasks including walking the department with supervisors, cleaning, organizing, stocking, and assisting customers, without pay.

34.     During the FLSA Relevant Time Period as a Department Manager, Plaintiff's unpaid meal breaks were interrupted by work and Plaintiff was not paid for this time even though her lunch break was interrupted with work.

35.     During the FLSA Relevant Time Period as a Department Manager, Plaintiff performed work off-the-clock outside her assigned Publix stores picking up goods from other Publix locations and communicating with co-workers and supervisors via telephone calls and text messages about work-related matters including, but not limited to, scheduling, staffing, operations, goods and supplies, and customers.

36.     During the FLSA Relevant Time Period as a Department Manager, Plaintiff estimates that she worked on average 7 to 10 hours per week (off-the-clock) performing the tasks above in Paragraphs 33-35 without pay.

37.     During the FLSA Relevant Time Period as a Department Manager, Publix suffered or permitted, as defined by the FLSA, Plaintiff to work without pay.

38.     Publix had a duty to maintain accurate time records for Plaintiff and failed to do so in violation of the FLSA.

39.     Publix knew or should have known, as defined by the FLSA, that Plaintiff worked unpaid hours because Publix's supervisors and managers observed, witnessed and permitted off-the-clock work by Plaintiff.

40.     Publix's actions were willful and Publix did not act in good faith in compliance with the FLSA.

41.     Publix offered and Plaintiff accepted to be paid an hourly rate of pay for Plaintiff's work at Publix, including her work as a Department Manager.

42.     Publix promised to pay Plaintiff for work performed as a Department Manager at an hourly rate.

43.     Publix accepted and retained work performed by Plaintiff for which it did not pay.

44.     Publix did not pay Plaintiff for all the hours of work she performed during non-overtime hour weeks (i.e., workweeks of less than 40 hours a week).

45.     Plaintiff reasonably expected to be paid for the work she performed by

Publix as an employee.

46.     Publix benefited from the work Plaintiff performed off-the-clock and without pay.

47.     Publix was unjustly enriched by the work Plaintiff performed off-the-clock and without pay.

48.     Publix's failure to pay Plaintiff wages, including overtime wages, was inequitable and due to a corporate policy to limit labor expenditures, preserve corporate profits, and for the convenience of its operations.

## FIRST CAUSE OF ACTION
### FLSA – Unpaid Overtime Wages

49.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1-48 as though fully set forth herein.

50.     Plaintiff consented in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

51.     During the FLSA Relevant Time Period, Plaintiff was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

52.     During the FLSA Relevant Time Period, the overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Publix.

53.     During the FLSA Relevant Time Period, Publix is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

54.     During the FLSA Relevant Time Period, Plaintiff was an employee of Publix within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

55.     During the FLSA Relevant Time Period, Publix has failed to pay Plaintiff all overtime wages to which she was entitled under the FLSA.

56.     Publix's violations of the FLSA have been willful and intentional.

57.     Because Publix's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

58.     As a result of Publix's willful violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

59.     As a result of the unlawful acts of Publix, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of liquidated damages, attorneys' fees and costs, as well as declaratory relief.

**SECOND CAUSE OF ACTION**
**State Law – Unjust Enrichment**

60.     Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-48 as though fully set forth herein.

61.     Publix has been unjustly enriched by benefiting from Plaintiff's work while consistently failing to pay her for all hours that she worked.

62.     Under Tennessee law, a claim for unjust enrichment has three required elements: "(1) A benefit conferred upon the defendant by the plaintiff, (2) appreciation

by the defendant of such benefit, and (3) acceptance of such benefit under circumstances that it would be inequitable for him to retain the benefit without the payment of the value thereof." *Paschall's Inc. v. Dozier*, 407 S.W. 2d 150, 155 (Tenn. 1966).

63.    The relevant statute of limitations for Plaintiff's unjust enrichment claim is six years. *See* T.C.A. § 28-3-109(a)(3).

64.    Publix has received the benefit of work provided by Plaintiff during the relevant time period.

65.    Publix has appreciated the benefit of such work provided by Plaintiff.

66.    Publix is obligated to pay Plaintiff for all hours that she worked.

67.    It would be inequitable for Publix to retain the benefit of such work without paying Plaintiff.

68.    Thus, Publix has been unjustly enriched, and Plaintiff is entitled to all appropriate relief including his unpaid wages and compensatory damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks the following relief:

A.    Unpaid overtime wages pursuant to the FLSA;

B.    Liquidated damages in an amount equal to his unpaid overtime wages pursuant to the FLSA;

C.    Unpaid wages and compensatory damages under Tennessee law;

D.    Declaratory relief;

E.    Attorneys' fees and costs pursuant to the FLSA; and

F.    Such other relief as this Court shall deem just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by

jury.

Dated: July 15, 2025

 */s/Kimberly De Arcangelis*
Kimberly De Arcangelis, Esq.
Bar No.: 0025871
**MORGAN AND MORGAN, P.A.**
20 N. Orange Ave., 15th Floor
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email:  kimd@forthepeople.com

C. Ryan Morgan, Esquire
*Pro Hac Vice Forthcoming*
Florida Bar No. 0015527
**MORGAN AND MORGAN, P.A.**
20 N. Orange Ave., 15th Floor
Orlando, FL 32801
Telephone (407) 418-2069
rmorgan@forthepeople.com

Andrew R Frisch, Esquire
*Pro Hac Vice Forthcoming*
Florida Bar No. 27777
**MORGAN AND MORGAN, P.A.**
8151 Peters Road, 4th Floor
Plantation, FL 33324
Telephone (954) 318-0268
afrisch@forthepeople.com

***Attorneys for Plaintiff***